IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,838-01 & -02






EX PARTE CAL MAURICE BUTLER, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F-06-65524-V & F-06-65525-V IN THE 292ND DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated assault and sentenced to forty years' imprisonment on each count. The Fifth Court of
Appeals dismissed his appeal in cause number F-06-65525-V. Butler v. State, No. 05-07-00968-CR
(Tex. App.-Dallas Oct. 19, 2007, no pet.). Applicant did not file an appeal in cause number F-06-65524-V.

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file notices of appeal. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex.
Crim. App. 1999); Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
counsel to respond to Applicant's claim. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was denied his right to meaningful appeals because Applicant's counsel failed to timely file notices
of appeal. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: August 22, 2012

Do not publish